GREGORY HARVEY,

                              Plaintiff,

             v.                                                      6:14-CV-1046
                                                                      (GLS/ATB)

DAVID A. JALONAK,

                              Defendant.

GREGORY HARVEY, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

## I.      Introduction

Plaintiff filed this action on August 25, 2014, together with an application to

proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2-3).  On the same day, Chief Judge

Sharpe ordered administrative closure of the action because plaintiff failed to submit a

properly completed IFP application. (Dkt. No. 4).  In that order, Judge Sharpe afforded

plaintiff thirty (30) days to either pay the filing fee or submit a properly completed IFP

application.

On September 17, 2014, plaintiff filed a letter with the court claiming that the

officials at his facility refused to certify his accounts for purposes of his IFP

application. (Dkt. No. 6).  He further requested that the court use his authorization form

to "get" his prison account statements. (*Id.*)  On September 18, 2014, Judge Sharpe

ordered reopening of this action and has sent the complaint, together with the plaintiff's

submission to me for my review.

## II. IFP Application

### A. Legal Standards

Where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. The court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B).

In this case, even if plaintiff had submitted the appropriate form to show that his financial status would qualify him to "commence" this action without prepaying the filing fee in full, the court would recommend denying plaintiff's application. Title 28 of the United States Code, section 1915(g), as amended, provides:

> In **no event** shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). The court has a responsibility to determine that a prisoner has not brought actions, on three or more occasions while incarcerated, which have been dismissed as frivolous, malicious or for failure to state a claim before permitting plaintiff to proceed with an action in forma pauperis. *Id.*

**B.    Application**

**1.    Three-Strikes**

Plaintiff has been a frequent litigator in the Northern District of New York.  On

March 3, 2011, the Honorable Lawrence E. Kahn, Senior United States District Judge

issued an order in *Harvey v. Law*, No. 9:10-CV-1468 (LEK/DEP), finding that

plaintiff's IFP application should be denied because he had "three strikes" for purposes

of section 1915(g). (Dkt. No. 4 in 10-CV-1468).  Senior Judge Kahn stated that plaintiff

"brought at least three actions in the Northern District which were dismissed as

frivolous, malicious, or for failure to state a claim upon which relief may be granted.

(*Id.* at 2) (citing *Harvey v. Grow*, 9:09-CV-518 (N.D.N.Y.) (Order of Suddaby, J. filed

6/2/09); *Harvey v. Sawyer*, 9:09-CV-598 (N.D.N.Y.) (Dkt. No. 26, Order of Scullin,

S.J. filed 8/20/10); *Harvey v. Luther*, 9:09-CV-599 (N.D.N.Y.) (Dkt. No. 5, Order of

Hurd, J. filed 6/8/09); *Harvey v. City of Utica*, 9:09-CV-644 (N.D.N.Y.) (Dkt. No. 4,

Order of McAvoy, S.J.).  Based on these cases, and the finding that plaintiff was not in

"imminent danger" for purpose of section 1915, the court denied plaintiff's application

to proceed IFP. (9:10-CV-1468, Dkt. No. 4 at 3-5).

**2.    "Imminent Danger"**

Because Judge Kahn has already found plaintiff to have three-strikes, this court

must only determine whether plaintiff can meet the "imminent danger" exception to the

three-strikes rule in this action.  The imminent-danger exception protects a prison

3

inmate, who is exposed to potential danger, from the consequences of his earlier mistakes in filing frivolous litigation. The Second Circuit has held that "for a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citing *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002)). Additionally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297. When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.

A review of plaintiff's allegations in this case show that he is suing the postmaster in Utica, New York because plaintiff attempted to send a birthday card to his sister that was returned to him with a notation that there was "no such street." (Compl. at CM/ECF pp. 4-6). Plaintiff has submitted a copy of the envelope as an exhibit. (*Id.* at 5). He also alleges that Secret Service Agent Tim Kirk, who plaintiff has not named as a defendant, has conspired with the defendant to cause plaintiff mental anguish by interfering with this mailing. (*Id.* at 6). There is absolutely no allegation suggesting that plaintiff is in "imminent danger" as required for the exception to section 1915. The plaintiff alleges mental anguish, but the statute requires imminent danger of

4

physical harm. Plaintiff states that he "will kill and escape" if he perceives that his

family is "at harm." (Compl. at 4). However, this statement indicates that other people

might be in danger if plaintiff gets upset. The incident happened in April of 2014, but

plaintiff waited until August to file his complaint. Clearly, there is no basis to apply the

imminent danger exception.[1]  Thus, plaintiff's IFP application should be denied, and he

should be directed to pay the fee or risk dismissal of his action.[2]

**WHEREFORE**, based on the findings above, it is

---

[1] Plaintiff has recently filed a petition for habeas corpus. *Harvey v. Capra*, No. 9:14-CV-577 (GTS/TWD). Plaintiff has been granted IFP in that case, however the three-strikes rule does not apply to petitions for habeas corpus relief. *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996) (concluding that the PLRA does not apply to petitions for a writ of habeas corpus), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997). This court does note that the plaintiff/petitioner in 14-CV-577 was able to obtain a proper certification of his account statements in the application for IFP that he filed on June 10, 2014. (Dkt. No. 6 in 14-CV-577). Thus, it appears that the officials at Ossining were not simply "refusing" to certify his accounts.

[2] Although not necessary to the court's decision, it should be noted that plaintiff has submitted his complaint on a form for actions under section 1983. Section 1983 applies only to defendants who act under color of "state law." 42 U.S.C. § 1983. The postmaster in Utica and Secret Service Agent Kirk (to the extent that plaintiff would ultimately wish to name him as a defendant), are both federal employees and would not be subject to section 1983. *Herbst v. United States Postal Service*, 953 F. Supp. 2d 463, 466 (E.D.N.Y. 2013). Thus, claims under section 1983 against this defendant would be precluded as a matter of law. *Id.* To the extent that plaintiff alleges constitutional violations, they would have to be brought against federal officers in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). While the court would normally interpret a complaint brought on a section 1983 form to allege a *Bivens* claim if appropriate, the court also notes that it is questionable that plaintiff's allegation against the postmaster would state a constitutional claim as it is written. There is no basis for believing that the postmaster in Auburn would be tampering with one individual's mail, nor any basis for believing that the postmaster in Auburn would know that plaintiff, who is incarcerated in Ossining would be mailing a birthday card to his sister in upstate New York. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (conslusory allegations are insufficient to state a constitutional claim). Finally, to the extent that plaintiff would wish to bring a Federal Tort Claim, he would have to name the United States as a defendant and would have to show that he exhausted his administrative remedies under the statute. 28 U.S.C. § 2675(a). However, this court makes no findings regarding the merit of this action, because IFP cannot be granted, and the case should not be reviewed until plaintiff pays the fee.

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be

**DENIED** based on plaintiff's accumulation of three strikes under 28 U.S.C. § 1915(g),

and it is

**RECOMMENDED**, that if this recommendation is adopted, the District Court

order that this action be **DISMISSED**, unless plaintiff pays the $400.00 filing fee **IN**

**FULL** within one month of the order adopting this recommendation, and it is

**RECOMMENDED**, that if plaintiff pays the filing fee, the Clerk be directed to

return the complaint to me for further review, and if plaintiff does not pay the filing fee

or request an extension of time to do so, the complaint be dismissed without further

order of the court.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have

**FOURTEEN (14) DAYS** within which to file written objections to the foregoing

report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 2, 2014

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge